IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARZUQ AL-HAKIM,
    Plaintiff,

vs.                              Case No. 4:05cv310/MMP/EMT

WARDEN RISKA, et al.,
    Defendants.

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 25). The filing fee was paid by Defendants upon removal of this action from the Third Judicial Circuit Court, in and for Marion County, Florida (*see* Doc. 2), where Plaintiff filed the original complaint in this case on July 12, 2005 (*id.*, Ex. A ).

    Because Plaintiff is an inmate seeking redress from a governmental entity or officer or employee of a governmental entity, the court is required to dismiss the case at any time if it determines that the complaint is "(1) frivolous, malicious; or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915A. Upon review of the amended complaint, it appears that this case should be dismissed as malicious. Section IV.B of the civil rights complaint form asks "Have you initiated other actions in **federal court** dealing with the same or similar facts/issue involved in this action?" (Doc. 25 at 5) (emphasis in original). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed one federal case, Al-Hakim v. Crosby, Case No. 4:05cv230/MMP/EMT (N.D. Fla.). Section IV.C. of the complaint form asks "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general

circumstances or a particular episode, and whether it involved excessive force or some other wrong?)" (Doc. 25 at 6) (emphasis in original). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that otherwise relate to his imprisonment. Section IV.D. of the civil rights complaint form asks "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*id.* at 8).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed Case No. 4:00cv383/WS[1] in the United States District Court for the Northern District of Florida. Further review reveals that the aforementioned case certainly deals with Plaintiff's imprisonment, as Plaintiff named Michael Moore, former Secretary of the Florida Department of Corrections, and officers at the Wakulla Correctional Institution as Defendants. Further, Plaintiff's complaint includes allegations of false disciplinary reports by Defendants and retaliation by Defendants for filing grievances. The case was dismissed prior to service by United States District Judge William Stafford on November 15, 2000 for failure to state a claim upon which relief may be granted (*see* Case No. 4:00cv383/WS (Doc. 27)). Plaintiff did not identify Case No. 4:00cv383/WS in the amended complaint in the instant action.[2]

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information

---

[1]The inmate number of the plaintiff in Case No. 4:00cv383/WS (839504) is the same as Plaintiff's (*see* Doc. 25 at 1). Additionally, the complaint in Case No. 4:00cv383/WS was filed on September 28, 2000.

[2]The case is not mentioned in Plaintiff's original complaint, but that complaint was not submitted on a civil rights complaint form, and Plaintiff did not indicate one way or the other whether he had previously filed lawsuits.

Case No.: 4:05cv310/MMP/EMT

also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations.  Plaintiff has affirmatively misrepresented the facts to this court.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.	That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

2.	That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 31st day of January 2006.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**